**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANTOINE LEE,

        Plaintiff,

          v.

DUSTIN BROCK,

        Defendant.

Case No. 1:25-cv-767

JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

In her November 24, 2025, Report and Recommendation (R&R, Doc. 6, #65) Magistrate Judge Bowman, after screening the Complaint under 28 U.S.C. § 1915(e)(2)(B), recommends the Court dismiss Plaintiff Antoine Lee's Complaint for lack of subject-matter jurisdiction. For the reasons discussed briefly below, and especially in light of Lee's failure to object, the Court agrees with and **ADOPTS** the recommendation (Doc. 6), except in one regard. Specifically, the Court **DISMISSES** Lee's Complaint, as the R&R recommends, but does so **WITHOUT PREJUDICE**.

## BACKGROUND

Defendant Dustin Brock runs a sober living house. Lee alleges Brock removed her from the house due to discrimination based on Lee being transgender. (Doc. 6, #63). Lee now seeks $15,000 from Brock, and asks that the Court prohibit Brock from working at all sober houses. (*Id.*).

Because Lee sought to proceed in forma pauperis, the matter was referred under this Court's Cincinnati General Order 22-02 to a Magistrate Judge for initial handling. On November 24, 2025, Magistrate Judge Bowman granted Lee's request

to proceed in forma pauperis. (Doc. 4). That same day, invoking the Court's screening authority under 28 U.S.C. § 1915(e), the Magistrate Judge issued her R&R recommending that the Court dismiss Lee's Complaint for lack of subject-matter jurisdiction. (Doc. 6, #63–64). There, the Magistrate Judge found that "Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction." (*Id.* at #63). In that regard, the Magistrate Judge found that Lee alleged no "actionable claim for relief" invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331, nor did she allege diversity of citizenship giving rise to jurisdiction under 28 U.S.C. § 1332(a). (*Id.* at #64). Based on those findings, the R&R recommends dismissal with prejudice. (*Id.* at #65). Then, under 28 U.S.C. § 1915(a), Magistrate Judge Bowman found that an appeal of any Order adopting the R&R would not be taken in good faith and therefore recommends denying Lee leave to appeal in forma pauperis. (*Id.*).

The R&R also advised Lee that she had 14 days to serve and file specific written objections, noting that failing to make such objections may forfeit rights on appeal. (*Id.* at #66 (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Accordingly, Lee needed to object by December 8, 2025. She did not do so.

2

## LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection.*" Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). For unobjected portions of an R&R, by contrast, the plaintiff has forfeited their right to such review. *Berkshire*, 928 F.3d at 530. Still, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court [] must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Here, Lee has not objected to the R&R. And, having reviewed the R&R, the Court finds no clear error. The Court agrees that Lee failed to establish subject-matter jurisdiction. Lee's Complaint cites no federal statute or constitutional provision, and, as the Magistrate Judge noted, Lee's allegations raise no cognizable federal claims. At best, Lee is perhaps trying to allege a civil rights violation under 42 U.S.C. § 1983. But Brock is not a state actor, and thus, not subject to suit under that statute. *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). So the Magistrate did not clearly err in finding that 28 U.S.C. § 1331 provides no basis for jurisdiction. (Doc. 6, #64). Beyond that, the Complaint states that both parties are Ohio residents (and thus presumably Ohio citizens), meaning diversity jurisdiction under 28 U.S.C. § 1332(a) is lacking, as well. (*Id.*).

Given the lack of either federal question or diversity jurisdiction, the R&R also did not err in suggesting that the Court dismiss Lee's Complaint. But the Court departs from the R&R on one point. To allow Lee to refile her claims in state court if she so chooses, the Court dismisses the matter without prejudice rather than with prejudice as the Magistrate Judge recommends.[1]

## CONCLUSION

The Court finds no clear error and adopts the R&R's recommendation to dismiss. But, for the reasons stated, the Court **DISMISSES** Lee's Complaint **WITHOUT PREJUDICE**. The Court further **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Opinion and Order would not be made in good faith, and **DENIES** Lee leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

April 20, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

[1] That said, the dismissal precludes Lee from seeking to refile in this Court. *Howard v. Good Samaritan Hosp.*, No. 1:21-cv-160, 2022 WL 92462, at *3 (S.D. Ohio Jan. 10, 2022).